IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIOLETTE SUSU and JERRIES SOUSOU,

    Plaintiffs,

  v.

BAYVIEW LOAN SERVICING, LLC, THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICAHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-82,

    Defendants.

No. C 18-00135 WHA

**ORDER RE MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this wrongful-foreclosure action, two defendants move for an award of attorney's fees and costs. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The background of this case has been set forth in a prior order (Dkt. No. 43). In brief, *pro se* plaintiffs Violette Susu and Jerries Sousou took out a $1,612,500 home loan from America's Wholesale Lender in 2005. According to defense counsel, plaintiffs failed to make a payment on their mortgage for ten years, resulting in a current balance of approximately $2.7 million. A notice of default and notice of trustee's sale were executed and subsequently recorded in the Official Records of Alameda County (*ibid.*).

In October 2017, plaintiffs brought a wrongful-foreclosure action against five defendants, including the defendants to this action. After defendants moved to dismiss the

complaint under FRCP 12(b)(6), plaintiffs voluntarily dismissed their case (Case No. 17-05879, Dkt. Nos. 1, 24). In January 2018, plaintiffs commenced this second *pro se* action for wrongful foreclosure based on the same loan. A February 2018 order denied plaintiffs' emergency application for a restraining order to prevent the impending foreclosure sale on their property. In May 2018, following the lifting of one of many bankruptcy stays, defendants filed a motion to dismiss this action in its entirety. Plaintiffs never responded to the motion and failed to appear at the hearing on the motion. An order dated September 19 accordingly dismissed the complaint with prejudice (Dkt. Nos. 1, 20, 24–25, 43–44).

Defendants Bayview Loan Servicing, LLC and The Bank of New York Mellon now move for $57,428.55 in attorney's fees and costs under the attorney's fee provision of the deed of trust. Plaintiffs have not filed an opposition, nor did they appear at the hearing on the instant motion. This order follows.

**ANALYSIS**

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). A statute or enforceable contract allocating attorney's fees, however, can overcome this rule. *Ibid.* Defendants seek attorney's fees on four independent grounds. Because this order grants attorney's fees pursuant to the attorney's fees provision in the deed of trust, it need not reach defendants' alternative arguments.

State law governs the enforceability of attorney's fees in contract provisions. *Sec. Mortgage Co. v. Powers*, 278 U.S. 149, 154 (1928). Section 1717 of the California Civil Code permits the recovery of attorney's fees in contract actions and provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

2

Here, defendants seek attorney's fees under the contractual terms of plaintiffs' deed of trust, which authorizes the lender to recover attorney's fees as follows (RJN, Exh. A at ¶¶ 9, 14):[1]

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, [or] (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable and appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . Lender's actions can include, but are not limited to . . . (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights in the Security Instrument.
>
> . . .
>
> Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to attorneys' fees, property inspection, and valuation fees.

An involuntary dismissal "operates as an adjudication on the merits" unless it is "for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." FRCP 41(b). Accordingly, because the complaint was involuntarily dismissed with prejudice and judgment was entered in defendants' favor, defendants are the prevailing party. Moreover, because plaintiffs challenged defendants' right to foreclose and sought a declaration that the assignment of the deed of trust was void, defending this litigation was necessary for defendants to protect their rights in the property under the deed of trust. Defendants are therefore entitled to reasonable attorney's fees. Defendants agree that the deed of trust authorizes attorney's fees to be added to the loan amount, but does not provide for a separate award of attorney's fees. *See Chacker v. JPMorgan Chase Bank, N.A.*, 27 Cal. App. 5th 351, 357 (2018). Defendants accordingly only seek to add fees to the outstanding balance due under plaintiffs' promissory note.

---

[1] Defendants seek judicial notice of the deed of trust, which is recorded in the Official Records of Alameda County (Dkt. No. 49-3). Because the deed of trust is a public record, the authenticity of which is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned, *see Wolf v. Wells Fargo Bank, N.A.*, No. C 11-01337 WHA, 2011 WL 4831208, at *2 (N.D. Cal. Oct. 12, 2011), defendants' request for judicial notice is **GRANTED**.

3

Turning to the reasonableness of the requested attorney's fees, the declaration of Sunny Sarkis includes the billing rates of the attorneys who worked on this matter (Dkt. No. 49-2). A breakdown of the legal services provided was also included in the declaration. Defendants' requested amount of $57,428.55 is excessive and unreasonable, as it includes $9,511 on a motion that was never filed, $132 on discovery that was never served, $1,000 on a reply brief that was never filed, $2,000 for time spent driving to and from court, and excessive hours spent on defendants' motion to dismiss and for "case management," among other issues. This order finds that $15,000 in attorney's fees is instead a reasonable amount.

## CONCLUSION

For the foregoing reasons, defendants' motion for attorney's fees is **GRANTED IN PART AND DENIED IN PART**. An award of $15,000 for attorney's fees is granted in favor of defendants. This attorney's fees award shall be added to the outstanding balance due on the loan under the promissory note.

**IT IS SO ORDERED.**

Dated: December 13, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE